UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR EDWARD EZOR,<br><br>　　Plaintiff,<br><br>　　v.<br><br>KATHERINE K. MADER, DEBORAH S. BRAZIL, and DOES 1 through 10, inclusive,<br><br>　　Defendants. | NO. CV 18-10260-JVS (AGR)<br><br>ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED UNDER THE YOUNGER ABSTENTION DOCTRINE |

On December 11, 2018, Plaintiff filed a complaint against two Los Angeles County Superior Court judges. For the reasons set forth below, the Court orders Plaintiff to show cause in writing, on or before **_January 18, 2019_**, why this Court should not recommend dismissal without prejudice based on what is commonly called *Younger* abstention.

# I.

# ALLEGATIONS OF COMPLAINT

According to the complaint, Plaintiff is a defendant in a criminal case pending in the Los Angeles County Superior Court, *People v. Arthur Edward Ezor*, LASC Case No. BA441505. (Compl. ¶ 8.)

Plaintiff names as defendants two Superior Court judges, Judge Katherine K. Mader and Judge Deborah S. Brazil. (*Id.* ¶¶ 2-3.) Plaintiff alleges that these two judges "have failed to disqualify themselves and void their unlawful Orders affecting [Plaintiff] in the criminal case." (*Id.* ¶ 8.) Plaintiff alleges they "acted in the absence of jurisdiction and committed extrinsic fraud or 'fraud upon the court' by their having biases and conflicts of interest towards [Plaintiff], or the appearance of same." (*Id.*) They acted "contrary to their oath to be fair and impartial state judges." (*Id.*) Plaintiff alleges that Judge Mader continues to violate his rights by continuing to preside over his criminal case, not disqualifying herself, allowing *Brady* discovery violations to occur and conducting "biased, Kangaroo-Justice proceedings." (*Id.*)

Plaintiff also sues Doe defendants who "participated or acted in concert with the other named Defendants." (*Id.* ¶¶ 5-6.)

The complaint contains one cause of action for violation of civil rights under 42 U.S.C. § 1983. (*Id.* ¶ 10.) The complaint seeks only equitable and declaratory relief against the two judges, "and not damages." (*Id.* ¶ 7.) Plaintiff seeks "a finding that Defendants Mader and Brazil are disqualified and estopped to act as judges in his criminal case and that their rulings and Orders are, and were at all times herein mentioned, null and void." (*Id.* ¶ 16; *see also* Compl. at 5, Req. for Relief ¶ 2.) Plaintiff seeks a further finding that the two judges violated, and continue to violate, his civil and constitutional rights. (*Id.* ¶ 16.) Plaintiff seeks an injunction "enjoining them from acting further in his criminal case." (*Id.* ¶ 17.) Plaintiff seeks monetary relief from the Doe defendants.

## II.

## *YOUNGER* ABSTENTION

Plaintiff's complaint appears to be barred by *Younger* abstention. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (applying *Younger* abstention to complaint for declaratory or equitable relief). *Younger* abstention is analyzed "'in light of the facts and circumstances existing at the time the federal action was filed.'" *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (citation omitted).

*Younger* abstention is appropriate when state proceedings (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges. *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018).

Criminal proceedings satisfy the second prong. *Younger*, 401 U.S. at 49; *see Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (*Younger* abstention extends to "'state criminal prosecutions'") (citation omitted). The first prong is satisfied because Plaintiff alleges his criminal case is ongoing. (Compl. ¶ 8.) The court takes judicial notice pursuant to Fed. R. Evid. 201 that the Los Angeles County Superior Court's online docket for LASC Case No. BA441505 indicates that Plaintiff's criminal case remains pending.[1] Plaintiff's complaint involves California's important interest in the order and integrity of its criminal proceedings under the third prong. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). As to the fourth prong, Plaintiff has an adequate opportunity to litigate federal claims in state court, both

---

[1] *See* www.lacourt.org/criminalcasesummary for LASC Case No. BA441505.

at the trial and appellate levels. *H.C. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

There is no indication that any exception to *Younger* abstention would apply. Plaintiff's complaint has the practical effect of enjoining the ongoing state criminal proceedings. Plaintiff seeks an order disqualifying and enjoining the judges in his criminal case from acting further in his criminal case, and declaring all of their orders in his criminal case null and void. *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (applying *Younger* abstention to request for "injunction aimed at controlling or preventing the occurrence of specific events" in future state criminal trial" and "ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent"); *Williams v. California*, 700 Fed. Appx. 581, 582 (9th Cir. 2017) (affirming dismissal under *Younger* abstention); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014) (finding *Younger* abstention when "relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis").

Plaintiff has not shown irreparable harm that is "great or immediate" unless the federal court intervenes in his ongoing criminal case. *See Younger*, 401 U.S. at 46 ("cost, anxiety, and inconvenience of having to defendant against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term"; "threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts"). Nor has Plaintiff alleged any facts that would show bad faith, harassment or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State*

*Bar Ass'n*, 457 U.S. 423, 435 (1982); *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975).

### III.
### **ORDER**

IT IS THEREFORE ORDERED that on or before ***January 18, 2019,*** Plaintiff shall show cause in writing why this court should not recommend dismissal without prejudice based on *Younger* abstention.  **If Plaintiff fails to respond to this order to show cause by January 18, 2019, then the court may recommend dismissal without prejudice based on *Younger* abstention.**

DATED: December 18, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge